## WILSON *v.* WARDEN OF MARYLAND PENITENTIARY

[P. C. No. 74, September Term, 1959.]

*Decided February 19, 1960.*

Before Brune, C. J., and Henderson, Hammond, Pres-cott and Horney, JJ.

Hammond, J., delivered the opinion of the Court.

Richard Lee Wilson was convicted of felonious burglary in the Criminal Court of Baltimore on November 9, 1954, by Judge Michael J. Manley, sitting without a jury, and sentenced to ten years in the penitentiary.

On March 17, 1959, he petitioned for relief under the Post Conviction Procedure Act. Counsel was appointed for him and a hearing was held, after which Judge Joseph L. Carter dismissed the petition. Wilson now seeks leave to appeal from this dismissal.

Most of his contentions deal with his alleged innocence and with the alleged insufficiency of the evidence to convict, neither of which is grounds for post conviction relief. *State v. D'Onofrio,* 221 Md. 20. Corollary to these he alleges perjury and the use by the State of a forged statement purporting to be his. Beyond a statement that "If the perjury committed by the [prosecuting witnesses] had not been condoned by the Court, then the conviction of this Petitioner * * * would not have been founded", he neither claims, nor states facts that show, State participation in the use of the alleged perjury. *State v. D'Onofrio, supra.* Moreover, these points, or very closely related ones, were "previously and finally litigated or waived" when Judge Niles dismissed Wil-

582

son's petition for a writ of *habeas corpus* in October 1956. Code (1959 Supp.), Art. 27, Sec. 645A (a).

An additional allegation now is made that the indictment was bad "because it failed to charge unlawful entry or trespassing." Even if the indictment were defective, it would not be open to review either on *habeas corpus, Parker v. Warden,* 215 Md. 661, or under the Post Conviction Procedure Act, which creates no new grounds for relief, *State v. D'Onofrio, supra.*

In anticipation, perhaps, of a decision that the points urged in his petition should have been raised on appeal, Wilson alleges that he "was unable to prosecute an appeal because of lack of funds," there being "no available provisions had in the State of Maryland at the time of his conviction." He does not allege that he took any steps to appeal, and for the reasons given in answer to a similar contention in *Brown v. Warden,* 221 Md. 582, this will not help him now.

As the sentence is clearly within the statutory limit (20 years, Code (1957), Art. 27, Sec. 29), and since Wilson's allegations state no grounds for relief, his application for leave to appeal is denied.

*Application denied.*